IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLO PORTER,

      Plaintiff,                    No. CIV S-09-2957 GGH P

   vs.

MATTHEW CATE, et al.,

      Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Named as defendants are M. Cate, T. Felker, M. MacDonald, E. Sandoval, D. Davey, Mendonca, R. Haynes, C. Hahns, S. Head, Shaffer, D. Dharlinque, Gamberg, D. Nichols, R. Beeler, O. Ceretti, McBride, Schwab and Cortright.

Plaintiff alleges that on June 28, 2009, he was housed in the gym at High Desert State Prison (HDSP). While in the gym, another inmate threatened to harm plaintiff. Plaintiff was taken to the office of defendant Shaffer to discuss his safety concerns. Defendant took the name of the inmate who had threatened plaintiff, put plaintiff in a holding cage, and then went to the gym to speak to this inmate. Approximately twenty minutes later, defendant Shaffer left to go home due to a shift change.

One half hour later, plaintiff was still in the holding cage when an alarm went off. Defendant Hahns walked by and joked to plaintiff, "don't go anywhere." Moments later, defendant Schwab began making derogatory statements to plaintiff regarding his fear of returning to the gym.

Twenty minutes later, defendant McBride approached plaintiff with a bed move slip. Defendant Beeler also entered the office where plaintiff was still being held in the cage. Defendant McBride told plaintiff that he was going to the gym. When plaintiff refused to leave the cage, defendant McBride locked it back up and said, "you're going to piss a whole lot of people off around here with all the work we gotta do."

Twenty minutes later, plaintiff was removed from the cage and taken into the Program Sergeant's office. Defendants Haynes and Head were in the office. Defendant Haynes asked plaintiff why he was refusing to go to the gym. Plaintiff explained the situation to him.

1 Defendant Head asked plaintiff if he knew the consequences of refusing to accept a bed move
2 (apparently plaintiff was being offered a move to a different bed in the gym). Defendant Haynes
3 told plaintiff that he was going to the gym.

4       Plaintiff was returned to the gym. Plaintiff went to speak with the inmate who
5 had threatened him. This inmate attacked plaintiff. Plaintiff alleges that defendant Nichols
6 falsely stated that plaintiff started the fight. Plaintiff was charged and found guilty of battery on
7 an inmate.

8       The complaint contains no specific allegations against defendants M. Cate, T.
9 Felker, M. MacDonald, E. Sandoval, D. Davey, Mendonca, D. Dharlinque, Gamberg and O.
10 Ceretti. The Civil Rights Act under which this action was filed provides as follows:

11       Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
12       deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
13       law, suit in equity, or other proper proceeding for redress.

14 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
15 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
16 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
17 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
18 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
19 omits to perform an act which he is legally required to do that causes the deprivation of which
20 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21       Moreover, supervisory personnel are generally not liable under § 1983 for the
22 actions of their employees under a theory of respondeat superior and, therefore, when a named
23 defendant holds a supervisorial position, the causal link between him and the claimed
24 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
25 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
26 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel

in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has failed to link defendants M. Cate, T. Felker, M. MacDonald, E. Sandoval, D. Davey, Mendonca, D. Dharlinque, Gamberg and O. Ceretti to the alleged deprivations.  Accordingly, the claims against these defendants are dismissed with leave to amend.

Defendant Cortright is the inmate who allegedly attacked plaintiff.  In order to state a claim under § 1983, a plaintiff must allege that:  (1) defend ant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  Inmate Cortright is not a state actor.  Accordingly, the claims against him are legally frivolous.

The only allegations against defendant Shaffer are that he went to investigate plaintiff's safety concerns but had to leave due to a shift change.  These allegations do not state a constitutional claim.  Accordingly, the claims against defendant Shaffer are dismissed.

Plaintiff alleges that defendants Hahns and Schwab joked with him and made derogatory comments.  "'Verbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. " Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979)).  Accordingly, the claims against defendants Hahns and Schwab are dismissed.

Plaintiff alleges that defendant McBride told plaintiff that he had to go to the gym.  However, it appears that the ultimate decision to send plaintiff back to the gym was made by defendants Haynes and Head.  Because plaintiff has not plead sufficient allegations of defendant McBride's involvement in the alleged deprivations, the claims against this defendant are dismissed.

\\\\\

The only allegation against defendant Beeler is that he happened to be in the office where plaintiff was held in the cage. Plaintiff does not allege his involvement in any alleged constitutional violation. Accordingly, the claims against defendant Beeler are dismissed.

Plaintiff alleges that defendants Haynes and Head forced him to return to the gym, despite his safety concerns, where he was attacked by inmate Cortright. Plaintiff alleges that he was then falsely accused by defendant Nichols of attacking inmate Cortright and found guilty of battery on an inmate.

In order to determine whether plaintiff has stated a colorable claim against defendants Haynes, Head and Nichols, plaintiff must inform the court of the punishment he received as a result of the disciplinary conviction. This information does not appear to be in the exhibits attached to the complaint.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for

damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by Heck.

If plaintiff was assessed time credits as a result of the disciplinary conviction, his claims against defendants Haynes, Head and Nichols may be barred by Heck.  Plaintiff must clarify this matter in an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (no. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. Plaintiff's motion for appointment of counsel (no. 3) is denied.

DATED: November 4, 2009

                                        /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

po2957.b